DEE, J.
The action in this case is founded upon a promise in writing simply for the payment of money. The writing is signed with the name of the maker at the end of which is a pair of brackets by way of scroll with the word “seal” written within them. The declaration consists of two counts, the first of which alleges a sealed instrument in the usual form, and the second avers that the paper writing was subscribed by the defendant and a scroll affixed by him thereto by way of seal. Profert was made in both counts, and the defendant having craved oyer, demurred to each count. The court sustained the demurrer to both and rendered final judgment for the defendant, and the case has been brought to this court by a supersedeas.
Two questions are raised upon these demurrers :
1. Is the scroll appearing affixed to the name of the maker of the instrument with the word “seal” written within it, such a recognition or expression that it *was affixed by way of seal as will make the writing a sealed instrument?
2. Could the plaintiff be permitted to prove by evidence aliunde that the maker of *764 the writing- intended to adopt the scroll as a seal and thus make it a sealed instrument?
Whatever may be the decisions in some of the other states of the Union, I think scarce any counsel could be found in Virginia who speaking of the law at this day as settled in this state would answer the first of these questions in the affirmative. The contrary has been the doctrine universally accepted by the profession and is I think fully sustained by the .decisions of this court. I refer to Baird v. Blaigrove’s ex’or, 1 Wash. 170; Austin’s adm’x v. Whitlock’s ex’ors, 1 Munf. 487; Anderson v. Bullock, &c., 4 Munf. 442; Jenkins v. Hurt’s commissioners, 2 Rand. 446; Peasley v. Boatwright, 2 Leigh 195; Turberville v. Bernard, 7 Leigh 302, n. ; Cromwell v. Tate’s ex’or, 7 Leigh 301. In all of these cases except the two first, it distinctly appears from the reports that scrolls were affixed to the instruments' in question with the word “seal” or its equivalent written within each. The report of the two cases first named does not show certainly that the word ‘ ‘seal” or any equivalent was written within the scrolls; but I have taken occasion to examine the original records among the archives of this court and found that in Baird v. Blaigrove’s ex’or, the word “seal” is written within each of the scrolls, and in Austin’s adm’x v. Whitlock’s ex’ors, the initials “B. S.” are substituted for the word “seal” within the scroll, as in Anderson v. Bullock, importing of course exactly the same thing. I regard this therefore as no longer a question open to discussion in this state, and I will not stop to trace the rule up to its source or attempt now to vindicate its propriety and correctness.
The remaining question is one more fairly perhaps the subject of discussion although I think in respect to an instrument like that in this case there would have been as little room for debate as upon the. first question but for certain recent decisions to which I will presently refer more particularly and the remarks of some of the judges in delivering their opinions. Por I think it impossible to read the cases above cited without seeing that the decision was rested upon the necessity of the recognition of the scroll in some form on the face of the instrument. In Baird v. Blaigrove’s ex’or, Judge Pendleton speaking for the court says, “it is in no part of the instrument expressed to be sealed — the attestation is the same as in common simple contracts not under seal, nor does the declaration speak of it as being of that dignity — it is true there are scrolls annexed but it may nevertheless remain a matter of doubt whether they are to be considered as the seals of the parties.” He does not however intimate that such doubt might be resolved by extrinsic evidence. In Austin’s adm’x v. Whitlock’s ex’ors, the paper was no where stated in its body, to have been sealed, it was attested in the manner appropriate to simple contracts and a consideration was stated in the writing. Held, that it did not appear upon its face to be a sealed instrument but rather the contrary. Judge Tucker says expressly that the omission of the word “seal” in the clause of attestation, precluded, in his opinion, all evidence dehors the instrument of the execution of it' in any other manner than was expressed in the body of the instrument. And although Judge Roane does not say in terms that evidence dehors would not be admissible in such a case, yet in what he does say, I think he is plainly looking to the face of the writing itself for the circumstances which are to exalt the instrument into a specialtj'. In Anderson v. Bullock, &c., the circumstances which were regarded as *evincing the character of the writing were such as appeared on its face, and while it is not said that evidence dehors was inadmissible only such as was intrinsic was alluded to as sufficing to constitute the writing a sealed instrument. In Jenkins v. Hurt’s comm’rs, Judge Green speaking for the court, said that the paper in question was a simple contract and that the declaration should have claimed according to the legal effect of the contract. Manifestly, he regarded the character of the instrument as a question of law and considered that its legal effect was to be deduced from what appeared on its face. He could not have thought that it was a question of fact and intention to be left to a jur3r upon the evidence furnished by the face of the instrument and such evidence aliunde as might be offered. In Peasley v. Boatwright and Turberville v. Bernard, the question as to the character of the instrument, was plainly considered as a question of law to be determined byr the court upon what appeared on its face. And in Cromwell v. Tate’s ex’or the question was distinctly presented whether the scroll must be recognized as a seal in the body of the instrument in order to constitute it a deed. Judge Tucker delivering the unanimous opinion of the court, held that it was the settled law of Virginia that such recognition was necessary, and he alludes to the mischiefs that might be expected to ensue if the course of the court should be reversed and such recognition should be dispensed with. And although he thought the common law rule was different, yet he declared that he did not think it desirable to restore it and he referred to the abuses which the omission of the clause in cujiis rei testimonium might introduce. He said that sealing was a part of the contract itself and that it was contrary to the analogies and principles of the law that an essential term or stipulation of a written contract should be made .to depend wholly upon testimony dehors the instrument.
* After such a line of decisions ending in one so well considered and so direct to the point and in which all the judges of the court concurred, it might well be supposed that this question also was put to rest. But it is supposed that the doctrine of these cases, if it established the necessity of a recognition of the scroll in the *765 body oí the instrument, has been wholly repudiated and overthrown by more recent cases; and the counsel refers to Parks v. Hewlett, 9 Heigh 511; Pollock v. Glassell, 2 Gratt. 439; and Ashwell v. Ayres, 4 Gratt. 283, as conclusively establishing that the sealing may be proved by evidence aliunde.
All of these cases may 1 think be readily distinguished from those we have been considering, however broad the language of some of the judges whose opinions are given may appear to be, and one may well concur in the result of each of those cases although lie might not in all the views taken by the judges. In Parks v. Hewlett, the instrument in question from its very character was intended to be a deed because it was intended to emancipate a slave which could only be effected by deed; and in Ashwell v. Ayres the instrument was intended to be a conveyance of lauds (in fee simple it may be inferred) which could only be by deed, and the former was wholly inoperative, and the latter, inoperative as to creditors and purchasers, until recorded upon proof or acknowledgment as the act requires. In the former case, the attestation clause expressed that it was signed, sealed and acknowledged in presence of the witnesses, and it was proved by two witnesses in court and ádmitted to record. In the latter, the instrument was acknowledged by the ¡grantor and admitted to record; and it was doing no violence to the spirit or terms of the rule to say that in these cases, the recognition of the seal did sufficiently appear on the face of the instrument. See opinion of Judge Allen (speaking for the court) in *Ashwell v. Ayres, 4 Gratt. 283. And as recording was essential to perfect the instruments for the purposes intended, it might be said without impropriety that this was part, and parcel of the perfect deed and sufficiently manifested the recognition of the writing as a sealed instrument, The distinction then between instruments of this character which can only be effectual as deeds and a promise in writing- simply for the payment of money which might be indifferently an obligation under seal or a promissory note, and as to which neither acknowledgment before witnesses or in court nor recording, was necessary, must be apparent.
It is true that Judge Parker in his opinion in Parks v. Hewlett seems strongly inclined to the views which he must have held when he decided the case of Cromwell v. Tate which was afterwards reversed and he uses various expressions which might embrace promissory notes as well as such instruments as that he was then considering; and he refers to the fact that in none of the previous cases relied on, was there any proof that the instrument had been actually sealed or scrolls annexed by way of seals. But it appears that he had not seen the opinion in the case of Cromwell v. Tate in which all the judges had concurred, and it is impossible to suppose that the same judges who had so recently decided that case intended to disturb the principles on which it rested as to cases of that kind. No allusion whatever is made by any judge who delivered an opinion to any change of views in any respect, and it is plain they regarded the case they were considering as belonging to a distinct class and indeed we are informed by Judge Parker that he had been assured by the judges who were present when Cromwell v. Tate was decided that there was nothing in their opinions affecting the question in the case of Parks v. Hewlett. Judge Brockenbrough and Judge Cabell considered the case as clearly distinguishable Tfrom all the previous cases, and Tucker, president, who had delivered the opinion of the court in Cromwell v. Tate, contented himself with concurring in the result to which Judge Parker had come, for the reason, no doubt that there were some views presented in Judge Parker’s opinion which to some extent conflicted with the opinion in Cromwell v. Tate which had not been seen by Judge Parker when Parks v. Hewlett was decided.
Nor is the case of Pollock v. Glassell more difficult to be distinguished from cases like the present. That was the case of a testamentary paper executed by a wife under a power given her to dispose of the settled estate by gift or devise, under her hand and seal, attested by two or more witnesses. There was a scroll affixed to the name of the testatrix with the word “seal” written within it, though it was not recognized as a seal either in the body of the instrument or the clause of attestation. The court however distinguished between such an instrument and one purporting to be a contract. Judge Baldwin said that the question was not whether the instrument was “a sealed instrument with a view to its legal effects and consequences as such. The law does not require a will lo be sealed, and it has precisely the same force and effect without as with a seal. The true question is whether in conformity with the power of appointment the testatrix did affix a seal to the paper, and that is a question of evidence. ’ ’ The judge continued “whether a paper be in law a sealed instrument or not, is a question applicable only to contracts. If it has a seal then it is a deed or specialty; if not, it is a simple contract only, and that is a question of law to be determined by inspection of the instrument. ” And a little further on he says “in contracts the presence or want of a seal makes a wide difference in the general character of the instrument and its legal effects and consequences.”
-x- -x -x * * ¡ ‘But }n a testamentary paper it has no bearing whalever upon the legal character or operation of the instrument: no solemnity of sealing could make it a specialty and the act of sealing can amount to nothing more than the performance of a condition.”
I think it must be perceived upon an ex-aminalion of the opinion that Judge Baldwin was distinguishing between a case in which the question was as to the true *766 character of the instrument and its legal effects and consequences, and that in which the act of sealing- gave no new or different character to the instrument but amounted only to the performance of a condition, and the question therefore was one of evidence only. In the former case, he says, it is a question of law to be determined by inspection of the instrument and its distinctive character is to be determined by its intrinsic evidence; and he states that in such cases (that is of contracts) the decisions of this court had required that the substitution of a scroll for a seal should be recognized upon the face of the instrument. In the latter he thought evidence aliunde might be admitted, because whilst there were strong-considerations of policy and convenience to recommend the exclusion of such evidence as a general rule in actions founded upon contract, there could be none applicable to a case like that then before the court. It is true according to the report of the case, the judge adds “and in no case has it yet been held that in the absence of such recognition evidence is inadmissible to prove that in fact the scroll was affixed to the instrument with intent that it should stand in place of a seal’ but I think either the word ‘ “inadmissible” was inadvertently written for “admissible,” or that what was said was intended to apply only to cases like that then before the court in which the question was one of evidence as he had before explained and which was not *within the decisions to which he had referred requiring the recognition to appear on the face of the instrument and which he thought recommended by strong considerations of policy and convenience. Those decisions necessarily or by the strongest implication, excluded all evidence dehors the instrument, and to suppose that he meant to affirm that extrinsic evidence had never been held inadmissible in cases like those referred to, would be, it seems to me, to impute to that eminent judge and accurate thinker, a virtual contradiction of the whole scope of his previous remarks.
Judge Baldwin in this opinion also distinguishes between cases like that of Parks v. Hewlett and Ashwell v. Ayres (decided some time afterwards) and the cases to which the decisions he had alluded to should apply; but there is nothing in the opinion when fairly construed and nothing in the case or in that of Parks v. Hewlett or that of Ashwell v. Ayres, which overthrows or in any material respect disturbs the rule etablished.by the previous decisions of this court: and that rule I think may be thus stated; that in cases of contracts in writing like that in the present case which might have been intended to be, indifferently, simple contracts or sealed instruments and in which the question is as to the character of the instrument and its legal effects and consequences, the fact that a scroll may be affixed to the name of the maker with or without the word “seal” written within is not of itself such a recognition of the scroll for a seal as will make the writing a sealed instrument; and that evidence dehors the paper cannot be admitted for the purpose of showing that it was in fact intended to be such an instrument.
That many of our sister states have adopted a different rule, furnishes no sufficient reason in my judgment why we should reverse our course of decisions or change the rule they have prescribed. Conformity *of decisions in the different states of this Union is, doubtless, desirable and for its sake some concession, might be made where no public inconvenience may be involved; but I think the mischiefs that would ensue from reversing our course (some of which are pointed out by Judge Tucker in Cromwell v. Tate) might be very extensive and serious, and would I am confident, be of far greater moment than the casual instances of hardship occurring in individual cases (such as those of which the counsel cites the present case as an illustration) which would be occasioned by our adhering to it. Bet us then not change our rule. Jus nostrum magis quam alienum, servemus.
But if the matter were of first impression and free choice were offered between our rule and that adopted in the sister states, for myself, I will say that I am by no means prepared to give the preference to the latter. At this day the chief if not the only practical purpose that would be accomplished by adopting it would be to change the period of the bar of the statute of limitations from five years to twenty, by opening the door to parol testimony of the acts and declarations of the maker of the instrument at the time of executing it and afterwards, and thus trusting the proof of so very important a part of a written contract as sealing, in the language of Lord Coke “to the uncertain testimony of slippery memory.” Countess of Rutland’s Case, 5 Rep. 25. And very much the same policy which led to the passage of Lord Tenterden’s act, and to its adoption into our Code, would prompt to a preference of the rule which would close the door to evidence of that character. The policy of that act was to prevent perjuries by requiring the promise that should revive a debt barred by the statute of limitations, to be in writing and signed by the party to be charged thereby; and the same policy would also be promoted by forbidding that so material an element of a contract as *sealing which is to have the effect of removing the bar of the statute appearing from the face of the paper, should be proven at perhaps a distant day, out of the mouths of witnesses, and requiring that it should be shown by the paper itself.
I have only' to add in conclusion that whether the objection is made on oyer and demurrer or on motion to exclude the paper at the trial, the principle as it seems to me is precisely the same. The counsel has argued that the present case differs from all that have preceded it in the fact that the *767 questions are presented on demurrer; but I do not perceive how their solution is in any manner affected by the manner in which they are raised.
I*think the Circuit court committed no error in sustaining* the demurrers and am of opinion to affirm the judgment.
The other judges concurred in the opinion of I-^ee, J.
Judgment affirmed.